**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **KAREN JOHNSON,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**FASHION NOVA, INC.,** a California corporation,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

Plaintiff Karen Johnson ("Johnson" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant Fashion Nova, Inc. ("Fashion Nova" or "Defendant") to stop Fashion Nova from violating the Telephone Consumer Protection Act by sending unsolicited, autodialed text messages to consumers, including to consumers who have registered their phone numbers on the national Do Not Call registry ("DNC"), and to otherwise obtain injunctive and monetary relief for all persons injured by Fashion Nova's conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

**INTRODUCTION**

1. Fashion Nova operates 5 retail locations in California and operates an online retail store at FashionNova.com.[1]

---

[1] https://www.linkedin.com/company/fashion-nova/about/

2. Part of Fashion Nova's marketing plan includes sending text messages *en masse* to consumers regarding promotions that direct consumers to purchase clothing from FashionNova.com.

3. Unfortunately, such text messages are sent using an autodialer without the necessary express written consent. To make matters worse, consumers are receiving multiple text messages, regardless of whether they have their phone numbers registered on the DNC.

4. In Plaintiff's case, she received at least 2 autodialed text messages to her cellular phone from Defendant directing her to purchase items from FashionNova.com.

5. In response to these text messages, Plaintiff files this class action lawsuit seeking injunctive relief, requiring Fashion Nova to cease sending unsolicited, autodialed text messages to consumers' cellular telephone numbers, and to other phone numbers registered on the DNC, as well as an award of statutory damages to the members of the Classes.

**PARTIES**

6. Plaintiff Johnson is a Concord, California resident.

7. Defendant Fashion Nova is a California corporation with its head office located in Vernon. Fashion Nova does business throughout this District and throughout the United States.

**JURISDICTION AND VENUE**

8. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

9. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff resides in this District, and because the wrongful conduct giving rise to this case was directed to this District.

CLASS ACTION COMPLAINT
-2-

# COMMON ALLEGATIONS

**Fashion Nova Sends Unsolicited Text Messages Using an Autodialer**

10.     Fashion Nova is open about the fact that it sends text messages using an autodialer. In fact, on its main website, Fashion Nova purports to obtain consent from some consumers, unlike Plaintiff, to send them "automated marketing text messages":

[2]

11.     In addition, Fashion Nova states in its Messaging Terms & Conditions:

---

[2] https://www.fashionnova.com/collections

**Fashion Nova Messaging Terms & Conditions**

You agree to receive recurring automated marketing and informational text (e.g., SMS and MMS) messages from Fashion Nova, including <u>text messages that may be sent using an automatic telephone dialing system</u>, to the mobile telephone number you provided when signing up or any other number that you designate. Consent to receive automated marketing text messages is not a condition of any purchase. Msg & Data rates may apply.

Message frequency will vary. Fashion Nova reserves the right to alter the frequency of messages sent at any time, so as to increase or decrease the total number of sent messages. Fashion Nova also reserves the right to change the short code or phone number from which messages are sent.

Not all mobile devices or handsets may be supported and our messages may not be deliverable in all areas. Fashion Nova, it service providers and the mobile carriers supported by the program are not liable for delayed or undelivered messages. [3]

12. In sending the unsolicited text messages at issue, Defendant, or a third party acting on its behalf, used an automatic telephone dialing system; hardware and/or software with the capacity to store or produce cellular telephone number to be called, using a random or sequential number generator. This is evident from the circumstances surrounding the text messages, including the ability to trigger an automated response by replying "unsubscribe," the text messages' commercial and generic content, that multiple texts were sent to Plaintiff, and the use of a shortcode which is consistent with the use of an automatic telephone dialing system to send text messages.

13. Defendant Fashion Nova sent multiple unsolicited text messages to consumer phone numbers, regardless of whether they were registered on the DNC.

**Plaintiff Received Unsolicited Autodialed Text Messages to Her Cell Phone Despite Being on the DNC List**

14. Plaintiff Johnson's cell phone number was registered on the DNC on November 2, 2005.

15. Her cell phone number is not associated with a business and is for personal use.

16. In January of 2019, when Johnson acquired her cell phone number, she confirmed that it was registered on the DNC.

---

[3] http://attn.tv/fashionnova/terms.html

17. Shortly after Johnson acquired her cell phone number, Johnson received 2 unsolicited autodialed text messages from Defendant using shortcode 31963:



18. On January 27, 2019 at 5:59 PM, Johnson sent a text message to Defendant using shortcode 31963 stating "Unsubscribe."

19. Johnson immediately received a response back from Defendant, confirming that she would not receive any more text messages:

CLASS ACTION COMPLAINT
-5-



20. Plaintiff has never had a relationship with Fashion Nova, and has never provided Fashion Nova express written consent to contact her.

21. The unauthorized text messages sent by Fashion Nova, as alleged herein, have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed Johnson's use and enjoyment of her cellular phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

22. Seeking redress for these injuries, Johnson, on behalf of herself and two Classes of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited autodialed text messages to cellular telephones, including solicitation text messages to a phone number protected by the DNC.

# CLASS ALLEGATIONS

## Class Treatment Is Appropriate for Plaintiff's TCPA Claims

23. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and all others similarly situated and seeks certification of the following Classes:

**Autodialed No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an agent acting on behalf of Defendant) text messaged, (2) on the person's cellular telephone number, (3) using a text messaging platform substantially similar to the text messaging platform Defendant used to text message Plaintiff, (4) for whom Defendant claims (a) it obtained prior express consent in the same manner as Defendant claims it supposedly obtained prior express consent to text message Plaintiff, or (b) it did not obtain prior express consent.

**Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an agent acting on behalf of Defendant) texted more than one time; (2) within any 12-month period (3) where the person's telephone number had been listed on the DNC for at least thirty days; (4) for a substantially similar reason that Defendant texted Plaintiff; and (5) for whom Defendant claims (a) it obtained prior express consent in the same manner as Defendant claims it supposedly obtained prior express consent to text message Plaintiff, or (b) Defendant did not obtain prior express consent.

24. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definition following appropriate discovery.

# CLASS ALLEGATIONS

## Class Treatment Is Appropriate for Plaintiff's TCPA Claims

23. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and all others similarly situated and seeks certification of the following Classes:

**Autodialed No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an agent acting on behalf of Defendant) text messaged, (2) on the person's cellular telephone number, (3) using a text messaging platform substantially similar to the text messaging platform Defendant used to text message Plaintiff, (4) for whom Defendant claims (a) it obtained prior express consent in the same manner as Defendant claims it supposedly obtained prior express consent to text message Plaintiff, or (b) it did not obtain prior express consent.

**Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an agent acting on behalf of Defendant) texted more than one time; (2) within any 12-month period (3) where the person's telephone number had been listed on the DNC for at least thirty days; (4) for a substantially similar reason that Defendant texted Plaintiff; and (5) for whom Defendant claims (a) it obtained prior express consent in the same manner as Defendant claims it supposedly obtained prior express consent to text message Plaintiff, or (b) Defendant did not obtain prior express consent.

24. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definition following appropriate discovery.

25.     **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

26.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

   (a) whether Defendant used an automatic telephone dialing system to send text messages to Plaintiff and the members of the Autodialed No Consent Class;

   (b) whether Defendant sent unsolicited text messages to phone numbers registered on the DNC;

   (c) whether Defendant's conduct constitutes a violation of the TCPA; and

   (d) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

27.     **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to the Classes.

28.     **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with

respect to the Classes, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CAUSE OF ACTION
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Autodial No Consent Class)**

29. Plaintiff repeats and realleges paragraphs 1 through 29 of this Complaint and incorporates them by reference.

30. Defendant and/or its agents sent unwanted solicitation text messages to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed No Consent Class using an autodialer.

31. These solicitation text messages were sent *en masse* without the consent of the Plaintiff and the other members of the Autodialed No Consent Class to receive such solicitation text messages.

32. Defendant's conduct was negligent, wilful, or knowing.

33. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Autodialed No Consent Class are each entitled to between $500 and $1,500 for each and every text message.

## SECOND CAUSE OF ACTION
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

34. Plaintiff repeats and realleges the paragraphs 1 through 29 of this Complaint and incorporates them by reference.

35. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

36. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[4]

37. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

38. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

39. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one phone call/text message in a 12-month period by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of

---

[4] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

CLASS ACTION COMPLAINT
-10-

Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and are entitled to between $500 an $1,500 per violation.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Johnson, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying the Classes as defined above, and appointing Plaintiff as the representative of the Classes and her attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited texting activity, and to otherwise protect the interests of the Classes; and

e) Such further and other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Johnson requests a jury trial.

Respectfully Submitted,

**KAREN JOHNSON**, individually and on behalf of those similarly situated individuals

Dated: June 18, 2019

By: /s/ *David Ratner*
David S. Ratner, Esq.
David Ratner Law Firm, LLP
33 Julianne Court
Walnut Creek, CA 94595

Rachel Kaufman
rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

CLASS ACTION COMPLAINT
-11-